## LOEWENTHAL v. PHILADELPHIA RUBBER WORKS.

*(Supreme Court, General Term, First Department.  June 29, 1892.)*

BILL OF PARTICULARS—WHEN GRANTED.

  In an action on an agreement between two corporations to divide their aggregate net profits in a certain proportion, defendant alleged that, by misrepresentations of plaintiff, it was induced to omit from its statements items amounting to more than $10,000, properly chargeable against net profits, thus increasing the aggregate amount of net profits, and plaintiff's share therein. *Held*, that plaintiff was entitled to a bill of particulars of the items alleged to have been omitted.

Appeal from special term, New York county.

Action by Rudolph A. Loewenthal against the Philadelphia Rubber Works on an agreement between plaintiff's assignor, the L. & M. Rubber Company, and defendant, by which the aggregate profits of the two concerns were to be divided in a fixed proportion.   From an order denying plaintiff's motion for a bill of particulars as to certain allegations in defendant's answer, plaintiff appeals.   Reversed.

For appeal from an order denying plaintiff's motion to make the answer more definite and certain, see 18 N. Y. Supp. 523.

Argued before VAN BRUNT, P. J., and O'BRIEN and PATTERSON, JJ.

*G. C. Coffin* and *E. S. Clinch*, for appellant.   *H. W. Jessup*, for respondent.

VAN BRUNT, P. J.   This action was brought to recover an amount due under an agreement between the plaintiff's assignor and the defendant, and also for goods sold and delivered.   The answer set up a defense by way of counterclaim, consisting of allegations relating to different amounts,—one of $7,000, one of $10,000,—and one allegation general in its character.   The plaintiff thereupon moved for a bill of particulars of the items constituting the sums of money amounting to $7,000, and the items which constituted the charges amounting to $10,000, and a statement of the indefinite sum in the last subdivision of the counterclaim.   This motion was denied, and from the order thereupon entered this appeal is taken.   The appellant raises no question in regard to the item of $7,000, in view of the affidavits presented by the defendant in opposing the motion, but claims upon this appeal that he is entitled to a statement of the items constituting the charges amounting to more than $10,000, and also as to the sum mentioned in the general clause of the counterclaim.   The allegation in the answer is that certain representations were made by the plaintiff's assignor in respect to the condition of the business, and that, when statements were presented to the defendant covering certain periods, they included charges amounting to more than $10,000 against the net profits of the defendant, which were properly chargeable against said net profits in the ordinary course of business, and had always been so charged, but that it was represented to the defendant that no similar charges were made against the profits of the plaintiff's assignor; and the defendant, relying upon these representations, was induced to omit such charges from its statement of account, which it did under protest.   Now, it seems to us that the plaintiff is entitled to know what the charges were which the defendant claims it omitted from its accounts.   Neither the plaintiff nor his assignee has any means of knowing what claim may be presented under this general allegation.   We think, therefore, so far as the items composing this $10,000 were concerned, the plaintiff was entitled to a bill of particulars.   In respect to that portion of the motion which related to the general allegation that the sum due and owing to the defendant from the plaintiff was largely in excess of any demand which the plaintiff or his assignor is entitled to make against the defendant, it does not seem that the plaintiff is entitled to any relief, because it is apparent that this allegation is founded upon the pre-

vious allegations, and cannot be considered as an independent claim. The order should therefore be modified so as to require the defendant to give a bill of particulars of the item of $10,000 mentioned in the counterclaim, and in other respects the order should be affirmed, without costs. All concur.